The deposition of Swett is competent evidence.

---

## Case No. 13,691.

### SWETT et al. v. BLACK et. al.

[2 Spr. 49.] [1]

District Court, D. Massachusetts. June, 1862.

AFFREIGHTMENT — ASSIGNEE OF BILL OF LADING.

A person to whom a bill of lading is assigned as security for the payment of goods purchased of him by the shipper of such goods, under said bill of lading, is not liable to the ship-owner for the freight.

This was a libel by the owners of a vessel, to recover for the freight of a cargo of lumber shipped from Boston to California. L. S. Brown and Francis Tukey bought the lumber of the defendants, lumber-merchants of Boston, to ship to California, paying half cash, and giving notes for the balance, with an agreement to assign the bill of lading to them as security. The bill of lading was made out in the name of Brown & Tukey as shippers, and was assigned by them to the defendants. There was some conflict of testimony, as to whether the assignment was written before or after the bill of lading was signed by the master. It was signed by the master in defendants' counting-room, and they took and kept the one signed for the shippers. The libellants offered other evidence, including the declarations of defendants, to show that the defendants were the real owners of the property, and had never parted with the possession of it. The defendants endorsed the bill of lading to F. M. Warren & Co., of San Francisco. This latter house had no interest in the cargo, and there was a conflict of testimony as to the character and extent of their agency. Upon the arrival of the cargo out, Warren made a written contract with the master, to keep the cargo on board at a certain rate per month. Warren failed to perform his part of the agreement, as to paying the storage; and therefore the master sold the cargo for non-payment of freight and storage, alleging a custom there which authorized him to do so. The cargo fell short some $5,000 of the amount due for freight. The libellants sought to put in parol evidence of the contents of this contract for storage, upon the ground that they had used all the diligence which the law required to obtain the original, but that it had been lost.

R. H. Dana, Jr., for libellants.

S. Bartlett and D. Thaxter, for respondents.

SPRAGUE, District Judge. This libel is brought to recover freight, also on a claim for storage. In regard to the claim for freight, the libel charges the defendants, as the parties contracting, for the carriage of this lumber. It does not set out the bill of lading, or refer to it or its contents. The first question to be considered is, have the libellants proved such a contract as they have alleged? The respondents allege that this cargo was carried under a bill of lading, which they set up, and which is in the case. This bill of lading is a written contract, and the cargo was carried under it. Upon the face of it, Brown & Tukey are the shippers, and the contract of carriage is between them and the libellants as carriers. The defendants are connected with it only as assignees, and as such they certainly cannot be considered as the original contractors; and in this view it is immaterial whether the assignment was written a few moments before, or a few moments after, the master signed it.

Evidence aliunde was offered to show that the defendants were the owners of the property. Of course this evidence must be offered to show, that Brown & Tukey, while appearing on the bill of lading as the shippers, were not in fact so, but were really to be considered as the agents of the defendants in making the shipment. The evidence failed to show this; and the fact undoubtedly was, that Brown & Tukey bought and shipped this cargo on speculation, and, not having the means to pay for the whole of it, assigned the bill of lading as security for a part of the purchase money. This decision is supported by the case of Blanchard v. Page, 8 Gray, 281, where the late Chief Justice Shaw has examined the whole subject of the liability of shipper and carrier with great care and thoroughness.

The claim for storage cannot be allowed, as the libellants have not placed themselves in a position to be allowed to offer parol evidence of the contract, and so there is no legal evidence upon this point before the court.

See Cock v. Taylor, 13 East. 399; Tobin v. Crawford, 5 Mees. & W. 235, 9 Mees. & W. 716; Dougal v. Kemble, 3 Bing. 383; Smurthwaite v. Wilkins, 11 C. B. (N. S.) 842; Lewis v. M'Kee, L. R. 2 Exch. 37.

---

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]